UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER JOHNSON,

                Plaintiff,

-against-

DONALD J. TRUMP,

                Defendant.

1:25-CV-0607 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, United States District Judge:

Plaintiff Alexander Johnson, who is appearing *pro se*, brings this action against President Donald J. Trump, invoking the Court's "federal question" subject matter jurisdiction, 28 U.S.C. § 1331.[1] In his complaint, which was delivered to the Court on Saturday, January 18, 2025, he alleges that, pursuant to Section 3 of the Fourteenth Amendment of the United States Constitution, Trump is disqualified from holding federal office because he "engaged in insurrection or rebellion against the United States or gave aid or comfort to its enemies."[2] (ECF 1 at 1.) By order dated March 5, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF 6.)

Contemporaneously with his complaint, Plaintiff filed a combined "Emergency Motion for Temporary Restraining Order and Preliminary Injunction." (ECF 2.) In his motion papers, he

---

[1] Under 28 U.S.C. § 1331, the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[2] Section 3 provides, in pertinent part:

> No person shall . . . hold any office . . . under the United States . . . who, having previously taken an oath . . . as an officer of the United States . . . to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same.

U.S. Const. amend. XIV, § 3.

requested that the Court "prevent the imminent inauguration of Defendant Donald J. Trump as President of the United States." (*Id.*) For the following reasons, the Court dismisses the complaint and denies the motions.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475, has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Federal Rule of Civil Procedure 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded

factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

The following facts are drawn from Plaintiff's complaint.³ Plaintiff Alexander Johnson is a "registered Republican voter in New York's District 15 who participated in the 2024 presidential election." (ECF 1 at 1.) He asserts that he has "a direct interest in ensuring that only constitutionally qualified candidates hold office." (*Id.*) Plaintiff thus requests that President Donald J. Trump be removed from office as disqualified under Section 3 of the Fourteenth Amendment of the United States Constitution, which "bars individuals from holding office if they engaged in insurrection or rebellion or gave aid or comfort to its perpetrators." (*Id.* at 3.)

In support of his claim, Plaintiff alleges that, on January 6, 2021, Trump encouraged his supporters to converge on Washington, D.C., and to "fight like hell" to stop the certification of the 2020 presidential election results. (*Id.* at 2 .) On that date, Plaintiff alleges, "a mob stormed the U.S. Capitol, disrupting the certification of the Electoral College vote." (*Id.*). Plaintiff states that the purpose of the attack was to "overturn the lawful results of the 2020 election" and thereby "prevent the peaceful transfer of power." (*Id.*) Moreover, Plaintiff alleges that, during the attack, President "Trump failed to act decisively to stop the violence, despite urgent pleas from lawmakers, aides, and his family." (*Id.*)

---

³ The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

3

Plaintiff also alleges that, following the attack, President Trump "promised to pardon January 6 participants, framing them as 'patriots'" and thereby continuing to provide them "aid and comfort." (*Id.*) In addition, he states that a report by former special counsel Jack Smith, dated January 14, 2025, "provides overwhelming evidence of Trump's engagement in acts that directly undermined constitutional democracy." (*Id.*)

Plaintiff alleges that he has "been deeply affected by the divisive and threatening rhetoric surrounding Donald J. Trump's actions," including "veiled threats of violence" that he has received from President Trump's supporters due to his own "support for constitutional accountability under the 14th Amendment." (*Id.*) These alleged threats have impeded Plaintiff's ability to "fully engage in . . . political discourse and advocacy," causing him mental "stress" and loss of a "sense of safety and democratic participation." (*Id.*)

As relief for his claim, Plaintiff requests that the Court: (1) declare President Trump to be "disqualified from holding the office of [p]resident under Section 3 of the Fourteenth Amendment due to his engagement in insurrection and rebellion"; (2) issue a temporary restraining order to "immediately halt any actions related to the inauguration or certification" of Donald J. Trump as President;[4] (3) "[g]rant a preliminary injunction" to enjoin President Trump from "assuming the office" of President until the Court adjudicates Plaintiff's claims on the merits; and (4) "[e]xpedite consideration of this matter" in light of its "emergency nature" and the "imminent harm" posed by Trump's inauguration." (*Id.* at 3.)

---

[4] The Court takes judicial notice that Donald J. Trump was inaugurated as the 47th President on January 20, 2025.

## DISCUSSION

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). To meet this burden, a plaintiff must demonstrate that he has standing to assert his claims, such that the matter presents a case or controversy within the meaning of Article III of the Constitution. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408-09 (2013). As the Second Circuit has stated:

> To establish standing, a plaintiff must demonstrate, first, an injury in fact – "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; second, "a causal connection between the injury and the conduct [he] complain[s] of"; and third, that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

*Tafuto v. Donald J. Trump for President Inc.*, 827 F. App'x 112, 114 (2d Cir. 2020) (summary order) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

"For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560 n.1), *as revised* (May 24, 2016). In contrast, "when the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Crist v. Comm'n on Presidential Debates*, 262 F.3d 193, 195 (2d Cir. 2001) ("[A] voter fails to present an injury-in-fact when the alleged harm is abstract and widely shared . . . ."). In short, an injury in fact requires a plaintiff to have "a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues . . . ." *Baker v. Carr*, 369 U.S. 186, 204 (1962).

Here, Plaintiff seeks to disqualify President Trump under Section 3 of the Fourteenth Amendment. He alleges that he has a "direct interest in ensuring that only constitutionally qualified candidates hold office." (ECF 1 at 1.) Otherwise, an "ineligible candidate" who assumes the presidency may "undermine[ ] the sanctity of the electoral process" and damage "Plaintiff's rights as a voter." (*Id.*)

As Plaintiff expressly concedes, however, the alleged "harm caused by Defendant's actions impacts voters nationwide." (*Id.*) Plaintiff's claims are thus premised on alleged injuries that Plaintiff shares with the general voting population of the United States – that is, injuries that Plaintiff "suffers in some indefinite way in common with people generally." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 344 (2006) (citation omitted). "Courts have not hesitated to dismiss similar allegations for lack of subject matter jurisdiction." *Collins v. Merrill*, No. 16-CV-9375 (RJS), 2016 WL 7176651, at *2 (S.D.N.Y. Dec. 7, 2016) (collecting cases).[5]

In fact, "Plaintiff's alleged injury" is "precisely the sort of 'generally available grievance' that courts routinely hold does not confer standing." *Page v. Evans*, No. 24-CV-0670 (TJK), 2024 WL 3534752, at *2 (D.D.C. July 25, 2024) (quoting *Stencil v. Johnson*, 605 F. Supp. 3d 1109, 1113, 1115 (E.D. Wisc. 2022)), *aff'd*, No. 24-7113, 2024 WL 4633250 (D.C. Cir. Oct. 29,

---

[5] *See Crist v. Comm'n on Presidential Debates*, 262 F.3d 193, 195 (2d Cir. 2001) ("[A] voter fails to present an injury-in-fact when the alleged harm is abstract and widely shared or is only derivative of a harm experienced by a candidate."); *Berg v. Obama*, 586 F.3d 234, 239 (3d Cir. 2009) (plaintiff lacked standing to enjoin Electoral College from electing Barack Obama to the presidency "because [plaintiff] has suffered no injury particularized to him"); *Jones v. Bash*, 122 F. Supp. 2d 713, 717 (N.D. Tex. 2000) (plaintiff lacked standing to enjoin members of the Electoral College from voting for allegedly ineligible vice presidential candidate, since "plaintiffs conspicuously fail[ed] to demonstrate how they, as opposed to the general voting population, will feel its effects"), *aff'd*, 244 F.3d 134 (5th Cir. 2000); *Fischer v. Cruz*, No. 16-CV-1224 (JS) (ARL), 2016 WL 1383493, at *2 (E.D.N.Y. Apr. 7, 2016) (voter lacked standing to sue for alleged injuries resulting from Senator Ted Cruz's presence on 2016 presidential primary ballot, notwithstanding Senator Cruz's alleged ineligibility to qualify for the presidency, since "Plaintiff share[d] this alleged injury with every other voter in the State of New York").

2024) (per curiam); *see also Id.* (As a "mere voter in an election, Plaintiff 'does not have a direct legal relationship' with former President Trump such that the former President's candidacy 'invade[s] any legally protected interests of the plaintiff[ ].'"); *Caplan v. Trump*, No. 23-CV-61628 (RLR), 2023 WL 6627515, at *2 (S.D. Fla. Aug. 31, 2023) ("[A]n individual citizen does not have standing to challenge whether another individual is qualified to hold public office."); *Sibley v. Alexander*, 916 F. Supp. 2d 58, 61 (D.D.C. 2013) ("[Plaintiff's] status as a voter, standing alone, is insufficient to confer standing.").

"[S]tanding to sue may not be predicated upon an interest of the kind alleged here which is held in common by all members of the public, because of the necessarily abstract nature of the injury all citizens share." *Hollander v. McCain*, 566 F. Supp. 2d 63, 68 (D.N.H. 2008) (discussing *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 217, 229 (1974), and holding that as "*Schlesinger* makes clear," plaintiff "does not have standing based on the harm he would suffer should McCain be elected President despite his alleged lack of eligibility" because "[t]hat harm, 'standing alone, would adversely affect only the generalized interest of all citizens in constitutional governance.'" (internal citation omitted)). Furthermore, once a presidential election concludes, one's stake in the legitimacy of the candidate's presidency is "shared by an even greater number of people, *i.e.,* all 300 million-plus U.S. citizens, whether voters or not." *Berg v. Obama*, 586 F.3d 234, 240 (3d Cir. 2009) (collecting cases). The Court finds that Plaintiff has failed to satisfy the requirement of a "concrete and particularized" injury to establish standing and, therefore, the Court lacks subject matter jurisdiction over this suit.

As the United States Supreme Court held in *Trump v. Anderson*, 601 U.S. 100, 110-11 (2024), only Congress—pursuant to its power under Section 5 of the Fourteenth Amendment to pass appropriate legislation to enforce the Fourteenth Amendment—may disqualify persons from

holding federal office or from being federal candidates under Section 3 of that amendment.[6]
Moreover, the primary and proper means to remove an ineligible president from office is through the process of impeachment and conviction.[7]

Plaintiff's request that the Court declare President Trump disqualified from being president is his sole claim. To the extent that Plaintiff suggests, however, that he has received "veiled threats of violence" from Trump's supporters due to his own "support for constitutional accountability under the 14th Amendment," (ECF 1 at 2), such allegations fail to constitute a "short and plain statement" of a claim under Rule 8 of the Federal Rules of Civil Procedure. Plaintiff has named no specific supporters of President Trump as defendants in the action, asserted no claims against them, and provided insufficient facts regarding the circumstances of

---

[6] Section 5 of the Fourteenth Amendment provides: "The Congress shall have power to enforce, by appropriate legislation, the provisions of this article." U.S. Const. amend. XIV, § 5. Moreover, Section 3 of that amendment concludes, "Congress may by a vote of two-thirds of each House, remove such disability" to hold federal office. *Id.* § 3.

[7] The Court takes judicial notice of the following facts: On January 13, 2021, the House of Representatives, by a vote of 232 to 197, adopted a single article of impeachment against President Trump for incitement of insurrection; at his Senate trial in February 2021, commencing three weeks after he left office on January 20, 2021, President Trump was acquitted after only 57 senators, 10 short of the required two-thirds majority, voted to find him guilty and remove him from office.

Although the House later voted to create a Select Committee to Investigate the January 6 attack, the resulting four federal election-related criminal charges brought against President Trump on August 1, 2023, were dropped pursuant to special counsel Jack Smith's motion to dismiss, following President Trump's election to a second term. *See United States v. Trump*, No. 1:23-CR-257 (TSC), ECF 283 & 285 (Orders granting unopposed "Government's Motion to Dismiss" [ECF 281] and "Supplemental Motion to Dismiss" [ECF 284]), dated Nov. 24, 2024, and Dec. 6, 2024, respectively. Smith's decision reflected a Justice Department policy prohibiting prosecution of a sitting president. *Cf. Trump v. United States*, 603 U.S. 593, 642 (2024) ("The President . . . may not be prosecuted for exercising his core constitutional powers, and he is entitled, at a minimum, to a presumptive immunity from prosecution for all his official acts. That immunity applies equally to all occupants of the Oval Office, regardless of politics, policy, or party.").

any such threats. Accordingly, even if Plaintiff were able to establish standing, his allegations regarding vague threats fail to state any claim upon which relief may be granted.

## CONCLUSION

Pursuant to Federal Rule of Civil Procedure 12(h)(3), the complaint is hereby DISMISSED without prejudice because the Court lacks subject matter jurisdiction. Specifically, Plaintiff lacks standing to bring his claim. *See Carter v. HealthPort Techs.*, LLC, 822 F.3d 47, 54 (2d Cir. 2016) (instructing that "where a complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice, rather than with prejudice"). Furthermore, Plaintiff's motions for a temporary restraining order and preliminary injunction, (ECF 2), are DENIED as moot.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 9, 2025
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                        Chief United States District Judge